49894. STEPHENS v. HOWLE.

DEEN, Presiding Judge.

1. Appellant Stephens filed a damage suit based on false imprisonment against L. D. Howle. A verdict was rendered in favor of Howle on the merits of the case. Appellant's first enumeration of error is that the "court erred in not setting aside the judgment and dismissing the case for want of jurisdiction." The record shows that the defendant filed an answer to the complaint on October 13, 1972, one ground of which was that the complaint should be dismissed for lack of jurisdiction over the defendant's person, and another that service of process was insufficient. On October 23, as shown by the record, personal service of process was effectuated. The defendant made no further jurisdictional defense, and it does not lie in the mouth of the plaintiff, after a trial and adverse verdict, to make one now. Further, the defendant testified that he lived in College Park, Georgia, a city which we know to be at least partly in Fulton County. On review, this court will assume the trial court had jurisdiction in the absence of any evidence in the record to the contrary.

2. The second enumeration of error reads: "The court erred in charging the jury: 'The burden of proof is upon plaintiff in this case. . . ' The incorrect defendant assumed the burden of proof by pleading the affirmative defense of justification." However, examination of the record shows that the full sentence given in charge was: "The burden of proof is on the plaintiff in this case to establish directly and proximately what damages, if any, he may have suffered as a result of the acts of which he makes complaint." The objection was merely: "I showed a prima

facie case and the burden was on the plaintiff [defendant?] to show I committed a crime." The instruction as given was correct. The plaintiff was not interested in establishing the *defense* of justification, and the instruction did not place any burden on the plaintiff which the law does not already require: That is, if the defendant offered evidence of justification, to rebut such evidence by a preponderance of proof in order to win his case.

3. The remaining enumerations of error are without merit.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED DECEMBER 5, 1974 — REHEARING DENIED DECEMBER 18, 1974 — 

Donald H. Stephens, *pro se.*
*Warren W. Wills, Jr.,* for appellee.